**MATT LAW OFFICE, PLLC**
**Terryl T. Matt, Esq.**
**Joseph F. Sherwood, Esq.**
310 East Main Street
Cut Bank, MT  59427
Telephone:  (406) 873-4833
Fax No.:     (406) 873-0744
terrylm@mattlawoffice.com
joes@mattlawoffice.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA, GREAT FALLS DIVISION

| | |
|---|---|
| GLACIER COUNTY REGIONAL PORT AUTHORITY,<br><br>    Plaintiff,<br><br>Vs.<br><br><br>LAURIE ESAU AND MONTANA HUMAN RIGHTS COMMISSION,<br><br>    Defendant, | Case No.   CV-22-81-GF-BMM-JTJ<br><br>**PLAINTIFFS' VERIFIED COMPLAINT FOR:**<br><br>**(1) DECLARATORY JUDGMENT;**<br><br>**(2) PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF** |

Plaintiff Glacier County Regional Port Authority, by and through the undersigned counsel, respectfully petitions this Court for declaratory and injunctive relief and states as follows:

**JURISDICTION AND VENUE**

1. This case presents a federal question within the Court's jurisdiction under U.S. Const. Art. VI, cl. 2, and 28 U.S.C. § 1331.

2. This Court also has jurisdiction under U.S. Const. Art. I, § 8, cl. 3, which grants Congress plenary authority to regulate commerce with Indian Tribes.

3. Declaratory relief is authorized by 28 U.S.C. §§ 2201-02.

4. Venue is proper in this Court under 28 U.S.C. § 1391 because the parties reside in this District, and a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5. Plaintiff Glacier County Regional Port Authority (Port Authority) is a commission organized under the laws of the State of Montana.

6. Defendant Laurie Esau is the Montana Commissioner of Labor and Industry and is charged with the enforcement of Montana HB 702 through the Montana Human Rights Commission (MHRC), an administrative agency of the State of Montana. She is sued in her official capacity.

## STATEMENT OF FACTS

7. In November 2021, the Port Authority held a board meeting at the Blackfeet Community College ("BCC") in Browning, Montana, which is located within the exterior boundaries of the Blackfeet Reservation and Glacier County.

8. Browning and BCC are part of "Indian Country" subject to Blackfeet Tribal laws and ordinances pursuant to 18 U.S.C. § 1151 and *Alaska v. Native Village of Venetie Tribal Gov't*, 522 U.S. 520, 527, 528 n. 3, 118 S. Ct. 948, 953 n. 3.

9. Before the COVID-19 pandemic, the Port Authority regularly held its board meetings in Browning. During the early phases of the pandemic, the Port Authority moved its meetings off the reservation to Cut Bank, Montana.

10. The November 2021 meeting was the first to take place in Browning during the COVID-19 pandemic.

11. The 2021 Montana Legislature passed HB 702, now codified at § 49-2-312, MCA, prohibits discrimination based on a person's COVID-19 vaccination status for employment or public accommodation. The State of Montana has recently enacted HB 702, now codified at Section 49-2-312(1)(a), MCA, which provides that it is an "unlawful discriminatory practice" for "a person or a governmental entity to refuse, withhold from, or deny to a person any local or state services, goods, facilities, advantages, privileges, licensing, educational opportunities, health care access, or employment opportunities based on the person's vaccination status or whether the person has an immunity passport." Section 49-2-312(1)(a), MCA

12. At the time HB 702 was signed into law, the Blackfeet Tribal Business Council's Tribal Ordinance 121 was in effect requiring mandatory vaccination against COVID-19 for persons attending meetings in-person. Blackfeet Tribal Ordinance 121 provides that its purpose is "to protect and promote the safety of the Tribal workforce while they carry out the duties of the Blackfeet Tribe, which requires invocation of additional procedures until the danger from the COVID-19 state of emergency has passed . . . ." Blackfeet Tribal Ordinance 121, at 2. Tribal Ordinance 121, authorizes "[m]andatory vaccination with exceptions." Blackfeet Tribal Ordinance 121, Ch. 7, § 6.

13. A non-Indian member of the public, J.R. Myers, attempted to appear in-person at the meeting in Browning but was not vaccinated against COVID-19.

14. Mr. Myers subsequently filed a complaint against the Port Authority with the MHRC.

15. MHRC has determined the Port Authority engaged in illegal discrimination under § 49-2-312, MCA, when it required in-person attendees at the Browning meeting to show proof of vaccination.

## CAUSES OF ACTION

### COUNT ONE

### Declaratory Judgment under 28 U.S.C. § 2201

16. The Port Authority incorporates all prior allegations as if fully set forth herein.

17. The MHRC has no jurisdiction to enforce § 49-2-312, MCA, on tribal land pursuant to 18 U.S.C. § 1151; *United States v. Cooley*, ___ U.S. ___, 141 S. Ct. 1638, 1642 (2021); *Ute Indian Tribe of the Uintah & Ouray Reservation v. Lawrence*, 875 F.3d 539 (10th Cir. 2017); *Water Wheel Camp Recreational Area v. Larance*, 642 F.3d 802 (9th Cir. 2011) (per curiam); *Alaska v. Native Village of Venetie Tribal Gov't*, 522 U.S. 520, 526, 118 S. Ct. 948, 952 (1998); *Montana v. United States*, 450 U.S. 544, 566, 101 S. Ct. 1245, 1258 (1981); and *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 150-51, 100 S. Ct. 2578 (1980).

18. The federal courts generally have jurisdiction to enjoin the exercise of state regulatory authority, including judicial action, contrary to federal law.  A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is preempted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve.

19. The Port Authority is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201, determining that the MHRC has no jurisdiction to enforce § 49-2-312, MCA, on tribal lands against the Port Authority.

## COUNT TWO

### Preliminary and Permanent Injunctive Relief

20. The Port Authority incorporates all prior allegations as if fully set forth herein.

21. The Port Authority is entitled to a preliminary and permanent injunction enjoining MHRC from further enforcing § 49-2-312, MCA, on tribal lands against the Port Authority.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in its favor against Defendant, and award the following relief:

A. Declare that MHRC lacks jurisdiction to enforce § 49-2-312, MCA, on tribal lands against the Port Authority;

B. Preliminarily and permanently enjoin Defendant Esau and MHRC officers, agents, employees, and attorneys, from enforcing § 49-2-312, MCA, against the Port Authority;

C. Award the Port Authority its costs and reasonable attorney fees in this action;

D. Grant the Port Authority such other relief as this Court may deem just and proper.

DATED this _____ day of August 2022          MATT LAW OFFICE, PLLC

       /s/ Terryl T. Matt
       Terryl T Matt, Esq.