Lindsey R. Simon
Agency Counsel
MONTANA DEPARTMENT OF LABOR AND INDUSTRY
P.O. Box 1728
Helena, MT 59624-1728
Telephone:  (406) 444-5466
Email:      *lindsey.simon2@mt.gov*

*Attorney for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| GLACIER COUNTY REGIONAL PORT AUTHORITY, <br><br> Plaintiff, <br><br> vs. <br><br> LAURIE ESAU, MONTANA HUMAN RIGHTS BUREAU, <br><br> Defendant. | Cause No. CV-22-81-GF-BMM-JTJ <br><br> Judge: Hon. Brian Morris <br><br> BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT |

## TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................i

TABLE OF AUTHORITIES ...................................................................... iii

I.      INTRODUCTION ........................................................................1

II.     FACTS AND PROCEDURAL HISTORY ....................................2

III.    LEGAL STANDARD ...................................................................4

IV.     ARGUMENT................................................................................5

BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS AMENDED COMPLAINT                                                   i

A.    MHRB Must Be Dismissed as a Defendant Because, as a State Agency, It Is Entitled to Sovereign Immunity Pursuant to the Eleventh Amendment of the U.S. Constitution....................................6

B.    The *Amended Complaint* Must Be Dismissed Pursuant to the *Younger* Abstention Doctrine................................................................7

    1.    The Department's Administrative Proceeding Is Ongoing ........9

    2.    The Department's Proceeding Is a Civil Enforcement Action That Implicates Important State Interests ......................9

    3.    Plaintiff Can Raise Federal Challenges in the Department Proceeding....................................................................................12

C.    Plaintiff Has Not Exhausted Administrative Remedies Required under Montana's Administrative Procedures Act ..............13

D.    The *Amended Complaint* Must Be Dismissed for Lack of Subject Matter Jurisdiction Because the Controversy Is Not Ripe for Judicial Consideration............................................................16

    1.    Lack of Constitutional Ripeness ...............................................17

    2.    Lack of Prudential Ripeness .....................................................18

E.    Plaintiff Has Failed to Join Necessary Parties as Required by Fed. R. Civ. P. 19 ...........................................................................20

V.    CONCLUSION..............................................................................................21

# TABLE OF AUTHORITIES

## Cases

*Abbott Labs v. Gardner*, 387 U.S. 136 (1967)..................................................16–19

*Alabama v. Pugh*, 438 U.S. 781 (1978) .......................................................6

*AMERCO v. NLRB*, 458 F.3d 883 (9th Cir. 2006) ..................................14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................5

*Bob Jones Univ. v. United States*, 461 U.S. 574 (1983) ..........................10

*Brooks v. Sulphur Springs Valley Electric Coop.*,
    951 F.2d 1050 (9th Cir. 1991) ............................................................7

*Cousins v. Lockyer*, 568 F.3d 1063, (9th Cir. 2009)...................................5

*Downtown Soup Kitchen v. Mun. of Anchorage*,
    406 F. Supp. 3d 776 (D. Ala. 2019)....................................................9

*Eagle Bear, Inc. v. Blackfeet Indian Nation*, No. CV-21-88-GF-BMM,
    2021 U.S. Dist. LEXIS 222186 (D. Mont. Nov. 17, 2021)...............20

*Edelman v. Jordan*, 415 U.S. 651 (1974) ...................................................7

*EEOC v. Pacific Press Publishing Ass'n*, 676 F.2d. 1272 (9th Cir. 1982) .............10

*Flowers v. Bd. of Personnel Appeals*, 465 P.3d 210 (Mont. 2020) .........14

*Gay Rights Coalition v. Georgetown Univ.*,
    536 A.2d 1 (D.C. App. 1987) ............................................................10

*Gilbertson v. Albright,* 381 F.3d 965 (9th Cir. 2004) .................................8

*Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997)...................6

*Leroy v. United States*, No. CV-19-100-BLG-TJC,
    2020 U.S. Dist. LEXIS 191410 (D. Mont. Sept. 8, 2020)...................5

*McKart v. United States*, 395 U.S. 185 (1969).........................................14

*Mont. Human Rights Div. v. Billings*, 649 P.2d 1283 (Mont. 1982) .......10

*Montanans for Cmty. Dev.v. Motl*, No. CV-13-70-H-CCL,
    2014 U.S. Dist. LEXIS 32896 (D. Mont. Mar. 12, 2014) ...................11–13, 19

*Morning Hill Foods, LLC v. Hoshijo*,
    259 F. Supp. 3d 1113 (D. Haw. 2017).........................................7, 9, 12

*Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41 (1938) .................14

*Nationwide Biweekly Admin, Inc. v. Owen,* 873 F. 3d 716 (9th Cir. 2017) .............9

*N.Y. Civil Liberties Union v. Grandeau,* 528 F.3d 122 (2d Cir. 2008) ..................17

*North Star Dev., LLC v. Montana Public Service Commission*,
   510 P.3d 1232 (Mont. 2022).........................................................................14–15

*Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.,*
   477 U.S. 619 (1986)..........................................................................................9

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984).......................6–7

*Pough v. Gillespie*, No. 2:13-cv-00644-JCM-NJK,
   2014 U.S. Dist. LEXIS 8297, (D. Nev. Jan. 22, 2014).....................................14

*ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*,
   754 F.3d 754 (9th Cir. 2014) ..............................................................................8

*Roberts v. U.S. Jaycees*, 468 U.S. 609 (1984) ..........................................................10

*Tillett v. BLM*, No. CV 12-87-BLG-RFC,
   2013 U.S. Dist. LEXIS 190111 (D. Mont. Feb. 7, 2013)....................................5

*Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134 (9th Cir. 2000) .......17

*Twitter, Inc. v. Paxton*, 26 F.4th 1119 (9th Cir. 2022) .....................................17–19

*United States v. Sandoval-Lopez*, 122 F.3d 797 (9th Cir. 1997) .............................16

*Vasquez v. Kiewit Infrastructure West, Co.*, No. CV 19-00513 HG-WRP,
   2020 U.S. Dist. LEXIS 95533 (D. Haw. June 1, 2020).....................................13

*Whipple v. Mann Mortgage, LLC*, No. CV 13-188-DWM-JCL,
   2014 U.S. Dist. LEXIS 50756 (D. Mont. Feb. 18, 2014)................................4–5

*Younger v. Harris*, 401 U.S. 37 (1971).................................................................7–8

**Constitutional Provisions**

U.S. Const. Art. III, § 2 ...........................................................................................17
U.S. Const. Amend. XI ..............................................................................................7
Mont. Const. Art. II, § 2 ..........................................................................................10
Mont. Const. Art. II, § 10..........................................................................................
Mont. Const. Art. XII, § 2 .........................................................................................7

**Statutes**

Mont. Code Ann. § 2-4-701 ......................................................................................15
Mont. Code Ann. § 2-4-702.......................................................................................15
Mont. Code Ann. § 2-4-704 ......................................................................................12
Mont. Code Ann. §§ 49-2-303 to -310 .....................................................................10
Mont. Code Ann. § 49-2-312....................................................................................*passim*

Mont. Code Ann. § 49-2-504 .......................................................................4, 10, 13
Mont. Code Ann. § 49-2-505 ............................................................5, 10, 13–14

**Tribal Ordinances**
Blackfeet Tribal Ordinance 121 .......................................................*passim*

**Legislative Materials**
H.B. 702, 67th Leg., Reg. Sess. (Mont. 2021).....................................................2–3

**Court Rules**
Fed. R. Civ. P. 12(b)(1).................................................................*passim*
Fed. R. Civ. P. 12(b)(6).................................................................*passim*
Fed. R. Civ. P. 19 ....................................................................................20

## I.   INTRODUCTION

This case arises from Plaintiff Glacier County Regional Port Authority's attempt to circumvent its obligations to adhere to Montana's Human Rights Act (MHRA). Plaintiff seeks to prevent the State of Montana Department of Labor and Industry (Department) from carrying out its statutory requirement to investigate complaints filed under the MHRA and to enforce violation of the MHRA. While Plaintiff's specific challenge is to Mont. Code Ann. § 49-2-312, the effect of its requested relief for declaratory and injunction relief, if granted, would immunize discrimination by non-Indians against other non-Indians merely because the conduct occurred within the exterior boundaries of an Indian reservation. This is an unacceptable result that would incentivize non-Indian bad actors to use tribal sovereignty as a shield to evade the responsibilities under the MHRA and would expose protected classes to unlawful discrimination without recourse.

The law protects against this unjust result by preventing federal courts from intervening in pending state proceedings. Defendants Laurie Esau (Esau) and the Montana Human Rights Bureau (MHRB) respectfully urge the Court to dismiss Plaintiff's *Amended Complaint for Declaratory Judgment* (Doc. 3) per Fed. R. Civ. P. 12(b)(6) and (1) because of the *Younger* abstention doctrine, Plaintiff's failure to exhaust administrative remedies, and the lack of both constitutional and prudential ripeness. Additionally, Defendant MHRB is entitled to sovereign immunity.

## II.    FACTS AND PROCEDURAL HISTORY

On April 1, 2020, the Blackfeet Nation's Tribal Business Council passed a resolution adopting Blackfeet Tribe COVID-19 Ordinance 121 (Ordinance 121) to deal with the COVID-19 pandemic on the Blackfeet Reservation, which is located in Glacier and Pondera Counties, Montana.[1] The Blackfeet Nation amended Ordinance 121 on June 9, 2020 via resolution.[2] It does not appear that any other amendments to Ordinance 121 are available on the Blackfeet Nation's website, and Plaintiff has not provided a copy of the version of Ordinance 121 it quotes in the *Amended Complaint*.

During the 2021 session, the Montana Legislature passed House Bill 702, later codified within the MHRA as Mont. Code Ann. § 49-2-312, to protect "personal and sensitive" medical information which "fall[s] within the zone of privacy protected by Article II, section 10, of the Montana Constitution" and is deserving of "the utmost constitutional protection." H.B. 702, 67th Leg., Reg. Sess. (Mont. 2021) (citing *State v. Nelson*, 941 P.2d 441 (1997)).[3] The subsection of §

---

[1] Blackfeet Tribal Bus. Council Res. No. 182-2020 (Apr. 1, 2020), *available at https://blackfeetnation.com/wp-content/uploads/2020/05/11.-Blackfeet-Tribe_Resolution_Approving-the-Blackfeet-Tribe-COVID-19-Ordinance_April-1_2020.pdf.*
[2] Blackfeet Tribal Bus. Council Res. 223-2020 (June 9, 2020), *available at https://blackfeetnation.com/wp-content/uploads/2020/06/Blackfeet-Tribe_Resolution-223-2020.pdf.*
[3] A copy of H.B. 702 is available online at *https://leg.mt.gov/bills/2021/billpdf/HB0702.pdf.*

49-2-312 that is most relevant to this case states that it is unlawful discriminatory

practice for:

> (a) a person or a governmental entity to refuse, withhold from, or
> deny to a person any local or state services, goods, facilities,
> advantages, privileges, licensing, educational opportunities, health
> care access, or employment opportunities based on the person's
> vaccination status or whether the person has an immunity passport;

> (b) an employer to refuse employment to a person, to bar a person
> from employment, or to discriminate against a person in
> compensation or in a term, condition, or privilege of employment
> based on the person's vaccination status or whether the person has
> an immunity passport; or

> (c) a public accommodation to exclude, limit, segregate, refuse to
> serve, or otherwise discriminate against a person based on the
> person's vaccination status or whether the person has an immunity
> passport.

Mont. Code Ann. § 49-2-312(1). The statute went into effect on July 1, 2021. H.B.

702, § 6.

Plaintiff alleges that prior to the COVID-19 pandemic, it alternated holding

board meetings between Browning, Montana (on the Blackfeet Reservation) and

Cut Bank, Montana (outside of the Blackfeet Reservation). (Doc. 3, ¶ 10). Plaintiff

further alleges that it stopped holding meetings in Browning "during the early

phases of the pandemic" but moved its meeting back to Browning in November

2021. *Id.* at ¶¶ 10–11. Plaintiff alleges that J.R. Myers (Myers), a non-Indian,

"attempted to appear in-person at the meeting" in Browning. *Id.* at ¶ 14. While

Plaintiff does not explicitly allege that Myers was not permitted to attend the

November 2021 meeting due to his vaccination status, it heavily implies this by its allegation that "the Blackfeet Tribal Business Council's Tribal Ordinance 121 was in effect requiring mandatory vaccination against COVID-19 for persons attending meetings in-person" and that Myers was not vaccinated. (Doc. 3, ¶¶ 13–14.)

It is undisputed that Myers subsequently filed a complaint against Plaintiff with MHRB, that MHRB investigated per its authority under Mont. Code Ann. § 49-2-504, and that MHRB's informal investigation resulted in a reasonable cause finding of discrimination. (Doc. 3, ¶¶ 15–16). Pursuant to Mont. Code Ann. § 49-2-504(7)(c), this finding initiated a contested case hearing before the Department's Office of Administrative Hearings (OAH). *See also* Mont. Code Ann. § 49-2-505; *Id*. ¶ 16. The OAH hearing has been scheduled but has not yet occurred. (Doc. 3, ¶ 16).

Plaintiff filed its *Complaint* in this federal action on August 30, 2022. (Doc. 1). Plaintiff filed the *Amended Complaint for Declaratory Judgment* on September 6, 2022, naming Department Commissioner Laurie Esau and the MHRB as defendants. (Doc. 3). While Commissioner Esau was never served, she voluntarily appears in her official capacity via this motion to dismiss.

### III.   LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "tests the legal sufficiency of a claim." *Whipple v. Mann Mortgage, LLC*,

No. CV 13-188-M-DWM-JCL, 2014 U.S. Dist. LEXIS 50756, *7 (D. Mont. Feb. 18, 2014) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Dismissal under Rule 12(b)(6) is proper if there exists a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.* at *7 (citing *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990)). When evaluating a motion to dismiss, all allegations of material fact are assumed to be true and are construed in the light most favorable to the non-moving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). This principle does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A motion to dismiss under Fed. R. Civ. P 12(b)(1) is subject to the same standard as a motion brought under Rule 12(b)(6). *E.g.*, *Tillett v. BLM*, No. CV 12-87-BLG-RFC, 2013 U.S. Dist. LEXIS 190111, *2–3 (D. Mont. Feb. 7, 2013). However, "[a]s the party asserting jurisdiction, the plaintiff bears the burden of proving its existence." *Leroy v. United States*, No. CV-19-100-BLG-TJC, 2020 U.S. Dist. LEXIS 191410, *6 (D. Mont. Sept. 8, 2020).

## IV.   ARGUMENT

Plaintiff has failed to state a claim against Defendant MHRB upon which relief may be granted because MHRB, as a state agency, is immune from suit under the Eleventh Amendment. Additionally, the *Amended Complaint* must be

dismissed in its entirety because federal interference with the State of Montana's MHRB proceeding is prohibited by the *Younger* abstention doctrine, Plaintiff's failure to exhaust its administrative remedies, and prudential ripeness, all of which warrant dismissal for failure to state a claim. The same facts that warrant application of these doctrines also deprive this court of subject matter jurisdiction under the constitutional ripeness doctrine. For all these reasons, Defendants are entitled to an order dismissing the *Amended Complaint* so that the OAH contested case hearing may progress unimpeded.

## A.     MHRB Must Be Dismissed as a Defendant Because, as a State Agency, It Is Entitled to Sovereign Immunity Pursuant to the Eleventh Amendment of the U.S. Constitution

The *Amended Complaint* purports to seek relief against the MHRB, but Plaintiff itself alleges and acknowledges that "[t]he MHRB is an organizational unit of the Department." (Doc. 3, ¶ 7). Because MHRB is an administrative agency of the State of Montana, it is not subject to suit pursuant to the Eleventh Amendment to the United States Constitution.

"There can be no doubt" that the Eleventh Amendment bars suit against a state unless the state has consented to being sued. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). This also applies to a suit against a state agency. *See, e.g.*, *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–68 (1997). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. &*

*Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) ("[T]his Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state."), *overruled on other grounds by Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *Brooks v. Sulphur Springs Valley Elec. Coop.,* 951 F.2d 1050, 1053 (9th Cir. 1991).

Without dispute, MHRB is an organizational unit of the Department, which is an executive agency of the State of Montana. Mont. Const. Art. XII, § 2. Plaintiff's effort to sue MHRB is prohibited by Eleventh Amendment sovereign immunity, and thus all allegations and prayers for relief against MHRB must be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**B.    The *Amended Complaint* Must Be Dismissed Pursuant to the *Younger* Abstention Doctrine**

The abstention doctrine set forth by the Supreme Court in *Younger v. Harris* mandates dismissal of this case, and thus dismissal is warranted under either Fed. R. Civ. P. 12(b)(1) or (b)(6).[4] In *Younger*, the Supreme Court noted that "time and

---

[4] As the District Court for the District of Hawaii noted in *Morning Hill Foods, LLC v. Hoshijo*, "both the Supreme Court and the Ninth Circuit have alternatively described abstention as jurisdictional and not jurisdictional." 259 F. Supp. 3d 1113, 1120 n.6 (D. Haw. 2017) (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.,* 477 U.S. 619, 326 (1986); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100 n.3 (1998); *Canatella v. California,* 404 F.3d 1106, 1113 (9th Cir. 2005); *Benavidez v. Eu*, 34 F.3d 825, 829 (9th Cir. 1997)).

time again . . . the normal thing to do when federal courts are asked to enjoin

pending proceedings in state courts is not to issue such injunctions." 401 U.S. 37,

45 (1971).

Although *Younger* involved an attempt to enjoin a state criminal

prosecution, the courts have expanded the abstention doctrine to include state civil

enforcement proceedings that: "(1) are ongoing, (2) are quasi-criminal enforcement

actions or involve a state's interest in enforcing the orders and judgments of its

courts, (3) implicate an important state interest, and (4) allow litigants to raise

federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754

F.3d 754, 759 (9th Cir. 2014). When the doctrine applies, "it does not merely

delay, but *precludes*, the federal court litigation." *Gilbertson v. Albright,* 381 F.3d

965, 970 (9th Cir. 2004) (ital. in original) (quoting *Green v. City of Tucson*, 255 F.

3d 1086, 1098, 1102 (9th Cir. 2001)).

*Younger* abstention applies to this case because Plaintiff seeks to

preliminarily and permanently enjoin "MHRB officers, agents, employees, and

attorneys, from enforcing § 49-2-312, MCA, against the Port Authority." (Doc. 3,

at 5). The OAH contested case hearing between Plaintiff and Myers is an ongoing,

quasi-criminal civil enforcement proceeding that implicates important state issues,

and Plaintiff has an opportunity to raise its tribal sovereignty challenge in the state

proceedings.

1.      The Department's Administrative Proceeding Is Ongoing

The Department proceedings that Plaintiff seeks to enjoin are "ongoing" proceedings. The Ninth Circuit has held that "ongoing" means initiated "before any proceedings of substance on the merits have taken place in the federal court." *Nationwide Biweekly Admin, Inc. v. Owen,* 873 F. 3d 716, 728 (9th Cir. 2017) (quoting *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)). It is undisputed that Myers filed his complaint with MHRB, that an informal MHRB investigation found reasonable cause, and that a contested case hearing has been scheduled before OAH. The first element of the *Younger* doctrine is satisfied.

2.      The Department's Proceeding Is a Civil Enforcement Action That Implicates Important State Interests

The Department MHRA proceeding against Plaintiff is a civil enforcement action that implicates an important state interest. State discrimination complaints that have proceeded past the initial investigation stage are proceedings that qualify for *Younger* abstention. *See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.,* 477 U.S. 619 (1986); *Morning Hill Foods, LLC v. Hoshijo*, 259 F. Supp. 3d 1113 (D. Haw. 2017); *cf. Downtown Soup Kitchen v. Mun. of Anchorage*, 406 F. Supp. 3d 776 (D. Ala. 2019).

While the discrimination complaint in this case was not technically initiated by the MHRB, a reasonable cause finding by either MHRB (upon an informal investigation) or the Montana Human Rights Commission (MHRC) (upon review

of the MHRB finding) is a prerequisite for a case to proceed to an administrative

contested case hearing. Mont. Code Ann. §§ 49-2-504(7)(c) & -505(1). Thus, the

same rationale that courts apply in cases that involve state-initiated enforcement

proceedings applies here.

In any event, the Department proceedings clearly implicate important state

interests because they seek to prevent and punish unlawful discrimination. *See*

*Mont. Human Rights Div. v. Billings*, 649 P.2d 1283 (Mont. 1982) (noting that the

MHRA codifies a compelling state interest). Montana's Constitution Art. II. § 4

protects dignity, equal protection under the laws, and prohibits discrimination

against any person exercising civil and political rights. The MHRA prohibits

discrimination not just on vaccine status but also based on age, creed, religion,

color, national origin, age, marital status, sex, and physical or mental disabilities.

Mont. Code Ann. §§ 49-2-303 to -310. Courts have repeatedly recognized there is

a compelling state interest in eradicating invidious discrimination. *Roberts v. U.S.*

*Jaycees*, 468 U.S. 609, 626 (1984) (gender); *Bob Jones Univ. v. United States*, 461

U.S. 574, 604 (1983) (race); *Gay Rights Coalition v. Georgetown Univ.*, 536 A.2d

1, 38 (D.C. App. 1987) (sexual orientation); *EEOC v. Pac. Press Publ'g Ass'n*, 676

F.2d 1272, 1280 (9th Cir. 1982) ("[E]limination of all forms of discrimination [is

a] 'highest priority.").

Plaintiff's requested relief would hinder the State of Montana's ability to enforce the MHRA and punish unlawful discrimination in cases that concern all forms of unlawful discrimination, not just Mont. Code Ann. § 49-2-312. Additionally, while the underlying facts of this case involve acts occurring in Indian Country, Plaintiff requests an injunction enforcement of § 49-2-312 in *any* circumstance, not just in Indian Country, with no limitation as to where Plaintiff's future meetings might occur. Plaintiff has acknowledged that it has alternated holding its meetings on tribal and non-tribal land in the past. (Doc. 3, ¶ 10). Thus, Plaintiff essentially requests this Court to prohibit the State from enforcing its own anti-discrimination law against a non-tribal Montana entity for acts that occur within the state and outside of Indian Country. This is tantamount to complete immunity from § 49-2-312.

In *Montanans for Cmty. Dev.v. Motl*, Judge Lovell considered a similarly broad request to limit future State action. No. CV-13-70-H-CCL, 2014 U.S. Dist. LEXIS 32896 (D. Mont. Mar. 12, 2014). In that case, the plaintiff requested that Court enjoin Montana's Commissioner of Political Practices from enforcing Montana campaign finance laws against it. *Id.* The Court found that "[s]uch an injunction clearly interferes with ongoing state proceedings and hampers the Commissioner's ability to interpret and enforce Montana law" and granted the motion to dismiss under *Younger*. *Id*. at *13–14.

The injunctive relief sought in this case would similarly interfere with
Commissioner Esau's ability to enforce the MHRA, and thus the second and third
elements of the *Younger* doctrine are satisfied.

    3.    <u>Plaintiff Can Raise Federal Challenges in the Department Proceeding</u>

The fourth and final element of *Younger*—whether the state litigant can raise
federal challenges in the state proceeding—is met "unless a party is procedurally
barred from doing so." *Motl*, 2014 U.S. Dist. LEXIS 32896, at *12.

Here, Plaintiff has an opportunity to raise tribal sovereignty and any
potential conflicts between Mont. Code Ann. § 49-2-312 and Ordinance 121 as a
defense in the administrative contested case hearing. Plaintiff may also raise a
constitutional argument on judicial review once a final agency action is entered in
the Department proceedings. Mont. Code Ann. § 2-4-704(2)(a)(i). "The Supreme
Court has held that even if the underlying administrative proceedings do not
provide litigants with the opportunity to bring their constitutional challenges, it is
sufficient that constitutional claims may be raised in state-court judicial review of
the administrative proceeding." *Morning Hill Foods, LLC v. Hoshijo*, 259 F. Supp.
3d 1113, 1122–23 (D. Haw. 2017).

The final element of the *Younger* doctrine is satisfied. As all four elements
of *Younger* abstention are met here, dismissal is required. As Judge Lovell
properly noted in *Motl*:

> Taking jurisdiction of this case would interfere with Montana's ability to carry out one of its basic executive and judicial functions in an area vital to state government. Furthermore, no bad faith, harassment, or other exceptional circumstances militates against abstention. Even if this case were justiciable (which it is not due to . . . ripeness concerns), the Court would still abstain on *Younger* grounds.

2014 U.S. Dist. LEXIS 32896, at *14 (citation omitted). As this case would similarly interfere with Montana's "ability to carry out one of its basic executive and judicial functions in an area vital to state government" and as there is similarly no bad faith, harassment, or other exceptional circumstance militating against abstention, this Court should similarly abstain by dismissing this case.

**C.      Plaintiff Has Not Exhausted Administrative Remedies Required under Montana's Administrative Procedures Act**

While exhaustion of administrative remedies is not a jurisdictional issue in federal courts, it is a mandatory procedural requirement that must be met, and a plaintiff's failure to exhaust renders a complaint subject to dismissal under Fed. R. Civ. P. 12(b)(6). *E.g., Vasquez v. Kiewit Infrastructure W., Co.*, No. CV 19-00513 HG-WRP, 2020 U.S. Dist. LEXIS 95533 (D. Haw. June 1, 2020).

As noted earlier, Myers' MHRB complaint against Plaintiff is currently awaiting a contested case hearing before OAH. *See* Mont. Code Ann. § 49-2-504(7)(c); Doc. 3, ¶ 16. Once OAH issues a decision, a non-prevailing party must appeal to the MHRC for a final agency decision. Mont. Code Ann. § 49-2-505(4). Once the MHRC issues the final agency decision, the non-prevailing party may file

a petition for judicial review in state district court. *Id*. at (9). None of that has

occurred in this case, and thus Plaintiff has not exhausted its administrative

remedies.

Both federal and state case law support the policy that "no one is entitled to

judicial relief for a supposed or threatened injury until the prescribed

administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding*

*Corp.*, 303 U.S.41, 50–51 (1938); *McKart v. United States*, 395 U.S. 185, 193

(1969); *North Star Dev., LLC v. Mont. Pub. Serv. Comm'n*, 510 P.3d 1232, 1239–

40 (Mont. 2022); *Flowers v. Bd. of Pers. Appeals*, 465 P.3d 210, 213 (Mont. 2020).

"Exhaustion serves two vital purposes: first, to give the agency an initial

opportunity to correct its mistakes before courts intervene; and second, to enable

the creation of a complete administrative record should judicial review become

necessary." *AMERCO v. NLRB*, 458 F.3d 883, 888 (9th Cir. 2006) (citation

omitted).

Exhaustion, like *Younger*, also recognizes the need for comity. "The

exhaustion requirement insures that the state courts, as a matter of federal-state

comity, will have the first opportunity to pass upon and correct alleged violations

of federal constitutional guarantees." *Pough v. Gillespie*, No. 2:13-cv-00644-JCM-

NJK, 2014 U.S. Dist. LEXIS 8297, *7 (D. Nev. Jan. 22, 2014) (citing *Coleman v.*

*Thompson*, 501 U.S. 722, 731 (1991)).

Montana's Administrative Procedures Act *requires* Plaintiff to exhaust all administrative remedies prior to any judicial review under Mont. Code Ann. §§ 2-4-701 (providing immediate judicial review on a preliminary, procedural, or intermediate agency action or ruling if a final agency decision would not provide an adequate remedy) and -702(1)(a) ("Except as provided in [nonapplicable statutes], a person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final written decision in a contested case is entitled to judicial review.").

This exhaustion of administrative remedies

applies equally to the ultimate case decision, constituent or related issues adjudicated therein or thereby, as well as any other related issues that could 'have been [timely] raised and 'adjudicated [by the agency] pursuant to the [available] administrative process.

*North Star*, 510 P.3d at 1240 (citing *Flowers*, 465 P.3d at 242 (brackets in original).

Neither of the two core purposes of administrative exhaustion will be met if this Court were to grant Plaintiff's requested relief. It must be emphasized that there has been no binding determination that Plaintiff violated the MHRA, let alone that Ordinance 121 does not provide a defense to Mont. Code Ann. § 49-2-312. If this action were allowed to proceed, the Department will be deprived of an opportunity to resolve any potential conflict between § 49-2-312 and Ordinance 121, and Plaintiff and Myers will be deprived of an opportunity to establish a

factual record that will establish whether there is any conflict between the two laws.[5] It is a fundamental principle of law that courts should avoid reaching constitutional questions when an alternate basis for decision exists, *e.g.*, *United States v. Sandoval-Lopez*, 122 F.3d 797, 802 n.9 (9th Cir. 1997), yet Plaintiff seeks to bypass any opportunity to avoid a conflict between § 49-2-312 and Ordinance 121 by bringing this federal court action.

As Plaintiff has not exhausted its administrative remedies, this Court must dismiss the case for failure to state a claim upon which relief may be granted.

**D.     The *Amended Complaint* Must Be Dismissed for Lack of Subject Matter Jurisdiction Because the Controversy Is Not Ripe for Judicial Consideration**

This Court lacks subject matter jurisdiction because the controversy between Plaintiff and the Department is not ripe for consideration due to Plaintiff's overbroad request for relief and its failure to wait until the state court proceedings have reached a determination.

The "basic rationale" of the ripeness doctrine

is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

---

[5] Defendants note that, based on the contents of the *Amended Complaint*, it appears there is no conflict between Mont. Code Ann. § 49-2-312 and Ordinance 121. Nothing in the quoted sections of Ordinance 121 sets forth a vaccine mandate for gatherings on the Blackfeet Reservation.

BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS AMENDED COMPLAINT                                              16

*Abbott Labs v. Gardner*, 387 U.S. 136, 148-49 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105(1977). The ripeness doctrine includes: constitutional ripeness (serving as a limit on the judiciary's power) and prudential ripeness (to aid a court's avoidance of adjudicating disputes that may resolve themselves). *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138–42 (9th Cir. 2000); *Twitter, Inc. v. Paxton*, 26 F.4th 1119, 1123–24 (9th Cir. 2022). Constitutional ripeness is a matter of subject matter jurisdiction, and while prudential ripeness is a "non-merits threshold issue," a case that is not prudentially ripe should also be dismissed. *Twitter*, 26 F.4th at 1124.[6]

1.     <u>Lack of Constitutional Ripeness</u>

Under constitutional ripeness, a court may only consider those cases and controversies which have taken concrete form. U.S. Const. Art. III, § 2; *Twitter*, 26 F.4th at 1123. Constitutional ripeness "prevents courts from declaring the meaning of the law in a vacuum and from constructing generalized legal rules unless the resolution of an actual dispute requires it." *N.Y. Civil Liberties Union v. Grandeau,* 528 F.3d 122, 131 (2d Cir. 2008).

Here, although there is an actual dispute as to whether Plaintiff is subject to Mont. Code Ann. § 49-2-312 for acts that occurred on the Blackfeet Reservation

---

[6] Defendants' prudential ripeness argument is brought pursuant to Fed. R. Civ. P. 12(b)(6), but it is organized in this brief with the constitutional ripeness argument brought under Rule 12(b)(1) for convenience's sake.

while Ordinance 121 was in place, there is no concrete dispute as to whether Plaintiff is subject to § 49-2-312 in any other situation—yet the *Amended Complaint* seeks declaratory relief that Plaintiff is not subject to § 49-2-312 on *any* tribal lands and injunctive relief that § 49-2-312 cannot be applied to Plaintiff in *any* situation. Those issues are not constitutionally ripe for consideration by this Court.

In essence, the blanket declaratory judgment and injunction requested by Plaintiff would construct a generalized legal rule that Mont. Code Ann. § 49-2-312 may never be enforced against Plaintiff—not on any of Montana's seven Indian reservations regardless of the laws enacted by the resident tribes—and not anywhere else in the State of Montana. Resolution of the actual dispute at issue here (Myers' MHRB complaint based on exclusion from the November 2021 meeting in Browning) does not require the relief sought, nor should it. Plaintiff's request is premature, and such a request implicitly acknowledges that the case is not ripe. Plaintiff asks this Court to settle future cases and controversies not before it, violating the requirements of constitutional ripeness, and this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### 2.  Lack of Prudential Ripeness

Prudential ripeness allows the court to refrain from ruling on a constitutionally ripe controversy if it would be better decided later and if the delay

would not undermine parties' constitutional rights. *Abbott Labs*, 387 U.S. at 149;

*Twitter*, 26 F.4th at 1123.

> Prudential ripeness turns on the extent to which the issues are appropriate for adjudication and the level of hardship entailed by withholding the court's judgment. Whether an issue is "fit for decision [depends on whether] the issues raised are primarily legal, do not require further factual development, and the challenged action is final." In an administrative action, it is an explicit requirement that state agency action be final before a declaratory judgment action can be considered ripe for adjudication: "the ripeness doctrine was designed. . . to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by challenging parties."

*Motl*, 2014 U.S. Dist. LEXIS 32896, at *7–8 (citing *United States v. Braren*, 338

F.3d 971, 975 (9th Cir. 2003)).

Prudential ripeness, then, includes an analysis of both fitness of the issues

for judicial decision (i.e., finality) and hardship to the parties of withholding court

consideration. Here, the case is not final—the fact-finding hearing before OAH has

not yet taken place. (Doc. 3, ¶ 16). Both parties may still engage in further factual

development before the challenged action is final. In addition, Plaintiff seeks to

adjudicate an issue which is contingent on future events and which may never even

occur because the administrative remedy may prevent adjudication indefinitely.

Finally, any delay Plaintiff experiences by virtue of allowing the OAH

contested case hearing to occur will not result in hardship. The substantive merits

of Plaintiff's tribal sovereignty argument are questionable, especially given that

Plaintiff has failed to provide a copy of Ordinance 121 that it asserts conflicts with Mont. Code Ann. § 49-2-312. No hardship befalls a party who is properly subjected to state administrative enforcement proceedings. *Cf. Eagle Bear, Inc. v. Blackfeet Indian Nation*, No. CV-21-88-GF-BMM, 2021 U.S. Dist. LEXIS 222186, *24 (D. Mont. Nov. 17, 2021).

As the action before the administrative agency is not final, and as delay in court consideration would not cause a hardship to Plaintiff, the case is not prudentially ripe, and the *Amended Complaint* should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**E.      Plaintiff Has Failed to Join Necessary Parties as Required by Fed. R. Civ. P. 19**

If this Court does not dismiss the *Amended Complaint* for the reasons set forth in this motion, Defendants raise the issue of Plaintiff's failure to join Myers, a necessary party, as required by Fed. R Civ. P. 19. Myers must be joined in order for this lawsuit to continue as to avoid duplicative litigation substantially affecting his rights without the benefit of him being able to state a position.

Myers is a necessary party under Fed. R. Civ. P. 19(a) because he has a legally protected interest which MHRB is currently considering via his complaint against Plaintiff. (Doc. 3, ¶¶ 14–15). Myers has a statutorily protected interest to be free of prohibited discrimination based on vaccination status. Mont. Code Ann. § 49-2-312. He also has a statutorily protected interest to seek administrative remedy

against a party which discriminates against him. Mont. Code Ann. § 49-2-501(1).

Plaintiff's requested injunction would effectively halt MHRB's ability to consider

Myers' discrimination complaint as well as Myers' ability to seek legal redress. If

Myers is not joined, his ability to protect his interests will be significantly

impaired. He is thus a necessary party and must be joined under Fed. R. Civ. P. 19.

## V.    CONCLUSION

Based upon the foregoing, Defendants respectfully requests that the Court

dismiss MHRB as a defendant on the grounds that it is immune from suit under

Eleventh Amendment sovereign immunity. Defendants also request that the

*Amended Complaint* be dismissed in its entirety pursuant to Fed. R. Civ. P.

12(b)(6) on the grounds that the *Younger* abstention doctrine warrants it and

Plaintiff has failed to exhaust its state administrative remedies, and pursuant to

Fed. R. Civ. P. 12(b)(1) on the grounds that the matter is not ripe for judicial

consideration.

DATED this 20th day of October, 2022.

*/s/ Lindsey R. Simon*
LINDSEY R. SIMON
Montana Department of Labor and Industry
Attorney for Defendant

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this Brief in Support of Defendants' Motion to Dismiss Amended Complaint is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced; and the word count, calculated by Microsoft Word for Windows is 4,948 words long, excluding caption, certificates of service and compliance, and if required, any tables of contents and authorities, and exhibit index.

By: */s/ Lindsey R. Simon*
     LINDSEY R. SIMON

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED this 20th day of October, 2022.

By: */s/ Lindsey R. Simon*
     LINDSEY R. SIMON
     Montana Department of Labor and Industry
     Attorney for Defendants