Lindsey R. Simon
Agency Counsel
MONTANA DEPARTMENT OF LABOR AND INDUSTRY
P.O. Box 1728
Helena, MT 59624-1728
Telephone: (406) 444-5466
Email:     *lindsey.simon2@mt.gov*

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| GLACIER COUNTY REGIONAL PORT AUTHORITY,<br><br>Plaintiff,<br><br>vs.<br><br>LAURIE ESAU, MONTANA HUMAN RIGHTS BUREAU,<br><br>Defendants. | Cause No. CV-22-81-GF-BMM-JTJ<br><br>Judge: Hon. Brian Morris<br><br>DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT (Doc. 23) |

Defendants Laurie Esau, in her official capacity as Commissioner of the Montana Department of Labor and Industry (Department), and the Montana Human Rights Bureau (MRHB) file this reply brief in support of their *Motion to Dismiss Amended Complaint* (Doc. 23).

## I. ARGUMENT

This suit is not about the validity of any ordinance which might require vaccinations to enter the Blackfeet Reservation, nor is it about the right of the Blackfeet Nation to enforce such an ordinance were it to exist. Instead, this suit is about non-tribal entity and individuals' ability to avoid any state scrutiny whatsoever for alleged discrimination against non-Indians in violation of the Montana Human Rights Act (MHRA), so long as it occurs on tribal land.

The MHRA case against Plaintiff is undisputedly in its early stages. No finding of discrimination has been made and no defenses have been waived. Defendants merely seek the right to oversee proceedings that will develop the relevant facts—facts that will ultimately be dispositive, such as:

Why did Plaintiff decide to hold the meeting on the Blackfeet Reservation?

When and where was the decision made to hold the meeting on the Blackfeet Reservation?

Was the purpose of holding the meeting on the Blackfeet Reservation to exclude unvaccinated individuals?

Was the purpose of holding the meeting on the Blackfeet Reservation to exclude J.R. Myers?

Neither Defendants nor this Court have the record on which to make these determinations because Plaintiff seeks to stop the fact-finding process in its infancy

and receive complete immunity from MHRA violations on tribal land. Defendants vigorously oppose the notion that it has no jurisdiction to hold fact-finding proceedings between non-Indian litigants, and the doctrines of *Younger* abstention, exhaustion, and ripeness all support the Defendants' ability to continue the administrative proceedings.

While the substantive merits of Plaintiff's tribal sovereignty argument are not at issue in this motion to dismiss, the Defendants' interest in enforcing its anti-discrimination laws *is* a part of the *Younger* abstention analysis. It would be an unacceptable result if the State of Montana could not under any circumstances enforce human rights protections on tribal land. Plaintiff's assertion is not limited to vaccination status. If the MHRB has no jurisdiction over this matter—involving solely non-tribal members and entities—nothing stops an individual entering tribal land solely for the purpose of discrimination and enjoying complete immunity. Any employer might choose to hold job interviews on tribal land in order to exclude Native Americans, women, the disabled, or any other protected class from its hiring pool. Under Plaintiff's jurisdictional theory, nothing could stop such egregious behavior.

This Court must dismiss the *Amended Complaint*. Dismissal does nothing to harm any available defenses or arguments Plaintiff can advance in the administrative proceedings, and it is required for the reasons set forth in

Defendants' Brief in Support of its Motion to Dismiss (Doc. 24) (hereinafter "Brief") and for those set forth herein. First, MHRB cannot be a party to this action because it is immune from suit under the Eleventh Amendment. Second, *Younger* abstention counsels dismissal in instances such as this, where Plaintiff attempts to enjoin ongoing, state enforcement actions which implicate important state interests where litigants may raise federal challenges. Third (and fourth), without dispute, Plaintiff has failed to exhaust administrative remedy which also renders this federal action unripe.

Separately, Plaintiff has failed to join a required party. This need only be considered by the Court should the prior for bases for dismissal be denied. However, should this suit proceed, Plaintiff's effort to extinguish the right of the charging party, J.R. Myers, violates Rule 19—he must be joined.

### A.     The MHRB May Not Be Sued in Federal Court

The *Amended Complaint* names MHRB as a party in this suit and describes MHRB as a party in a paragraph separate from the paragraph describing Commission Esau. *See* Doc. 3, ¶¶ 6–7. MHRB, as described by Plaintiff, "is an organizational unit of the Department." *Id.* ¶ 7. The Department is an executive agency of the State of Montana. Mont. Const. Art. XII, § 2. The State has not consented to suit in federal court. "There can be no doubt" that the Eleventh

Amendment bars suit against a state absent consent. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

Plaintiff fails to respond to this argument with any substance and merely asserts that the State "fail[ed] to point out" the *Ex parte Young* decision which permits an exception to Eleventh Amendment immunity to "seek prospective injunctive relief against an individual state officer in her official capacity." (Doc. 30, at 3). While true, the argument is irrelevant to the Defendants' argument. Defendants have not argued that Commissioner Esau is immune from suit in her official capacity as Commissioner of the Department; but rather than MHRB, as a party, cannot be sued:

> Plaintiff's effort to sue <u>MHRB</u> is prohibited by Eleventh Amendment sovereign immunity, and this all allegations and prayers for relief against <u>MHRB</u> must be dismissed for failure to state a claim upon which relief may be granted.

(Doc. 24, at 7) (emphasis added). That Plaintiff seeks to recharacterize the Defendants' argument for the purpose of defeating a strawman is improper. Plaintiff has set forth no basis on which it may sue a subdivision of the State of Montana in federal court. Such sued is barred by the United States Constitution. To the extent that the *Amended Complaint* names MHRB as a defendant separate and distinct from Commission Esau, all claims against MHRB must be dismissed.

### B. All Factors of the *Younger* Abstention Doctrine Are Met

*Younger* abstention requires dismissal by a federal court of injunction actions against state proceedings that: "(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir 2014). The doctrine precludes federal litigation. *Gilbertson v. Albright*, 381 F.3d 965, 970 (9th Cir. 2004).

Plaintiff concedes the first two elements are met and fails even to address them. This reply will therefore focus solely on the third and fourth elements.

#### 1. Enforcing Anti-Discrimination Law Is an Important State Interest

The third *Younger* element requires that an important state interest exist. Courts have repeatedly held that the eradication of discrimination is an important state interest. *See* Doc. 24, at 10. The Montana Supreme Court has held that the MHRA codifies a compelling state interest. *Mont. Human Rights Div. v. Billings*, 199 Mont. 434, 444, 649 P.2d 1283 (1982). This, Plaintiff does not challenge.

Instead, Plaintiff asserts that, because it has raised a federal constitutional question, any state interest is vitiated. Such is unsupported. Plaintiff relies primarily on *Fort Belknap Indian Comm'ty., v. Mazurek*, 43 F.3d 428 (9th Cir. 1994). Plaintiff asserts the case stands for the proposition that a federal

jurisdictional question eliminates state interests for purposes of *Younger* abstention. However, the ruling in *Fort Belknap* is far narrower, and the facts are distinguishable from this case. Specifically, the court noted "the primary issue here is whether the state has jurisdiction to prosecute <u>Indians</u> who violate <u>Montana liquor law</u> on an <u>Indian reservation</u>." *Id.* at 431 (emphasis added).

Plaintiff also cites to *Pueblo of Santa Ana v. Nash*, 854 F. Supp. 2d 1128 (D.N.M. 2012) and *Navajo Nation v. Rael*, No. 1:16-cv-00888 WJ/LF, 2017 U.S. Dist. LEXIS 55797, (D.N.M. 2017), both of which are distinguishable. The issue in *Nash* was whether a tort suit might be brought in state court against a tribal entity for acts that occurred on tribal land. 854 F. Supp. 2d at 1131. The state courts assumed jurisdiction pursuant to a compact between the tribal entity and the state, and enforcement of that compact was the state's asserted interest for purposes of *Younger* abstention. *Id.* at 1141–42. *Rael* also involved an assertion of state court jurisdiction over a tribal member. 2017 U.S. Dist. LEXIS 55797, at *2.

This matter, however, involves the rights of a non-Indian charging party and a non-tribal entity "organized under the laws of the State of Montana." (Doc. 3, ¶¶ 5 & 14). There is no allegation that any of the individuals either involved in the events on the Blackfeet Reservation or subject to the MHRB proceedings are tribal members or non-member Indians. It is well established that state governments may

exert authority over non-tribal members on tribal land under certain factual situations. *See generally* Doc. 34, at 8–11.

This case does not involve a state's attempt to regulate a tribal member, tribal entity, or even a non-member Indian within Indian Country, and thus the competing interests that were present in *Fort Belknap*, *Nash*, and *Rael* are not present here to diminish the Department's interest in ensuring that non-tribal entities and individuals are not given *carte blanche* to discriminate when they enter Indian Country.

  2. <u>Plaintiff May Raise Its Tribal Sovereignty Argument in the Administrative Proceeding</u>

The fourth *Younger* factor requires that a party be permitted to raise arguments during the administrative proceeding. This factor is satisfied so long as "constitutional claims may be raised in state-court judicial review of the administrative proceeding." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 629 (1986); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 436 (1982) ("It would trivialize the principles of comity and federalism if federal courts failed to take into account that an adequate state forum for all relevant issues has clearly been demonstrated to be available prior to any proceedings on the merits in federal court."); *Morning Hill Foods, LLC v. Hoshijo*, 259 F. Supp. 3d 1113, 1122 (D. Haw. 2017) ("[I]t is sufficient that

constitutional claims may be raised in state-court judicial review of the administrative proceeding.").

As set forth in the Brief, Plaintiff may raise any sovereignty issues and defenses based on it during the contested case proceeding. Any constitutional argument Plaintiff wishes to raise may be litigated during judicial review. Plaintiff does not respond to these truths.

Instead, Plaintiff makes two assertions: first, that Admin. R. Mont. 24.8.220(b) requires a determination of jurisdiction by the MHRB; and second, that "Defendants have continued prosecuting the case against the Port Authority despite" the requirement of the rule—and a hearing has been scheduled.

As to the first assertion, the administrative rule does require an initial jurisdictional determination by MHRB. Quite clearly, MHRB and Plaintiff disagree as to the jurisdictional issue, but that is irrelevant to the *Younger* abstention analysis. Plaintiff has raised the jurisdictional argument in the administrative proceedings and may continue to raise it. Its constitutional argument may be further raised and addressed on judicial review. This meets the requirements set forth by the Supreme Court of the United States in *Ohio Civil Rights Comm'n*. The fourth element is satisfied, and the *Amended Complaint* must be dismissed.

As to the second assertion—that "prosecution" continues—the argument fails. The mere fact that a tribunal disagrees with Plaintiff as a matter of law is irrelevant as to whether this Court should insert itself into the tribunal's proceedings. Plaintiff has raised its argument, which satisfies the *Younger* element, and has lost. It may raise it further on review. That Plaintiff disagrees with a ruling does not overcome abstention requirements.

3. <u>No Exceptions to *Younger* Abstention Apply Here</u>

Finally, Plaintiff asserts that applying *Younger* abstention here would be "flagrantly and patently violative of the well-settled federal jurisdictional and constitutional principles governing Indian tribes." (Doc. 30, at 12). Notably absent from Plaintiff's response brief is any citation to the constitutional principle that state jurisdiction would "flagrantly and patently" violate. Plaintiff solely cites *United States v. Cooley*, 141 S. Ct. 1638, 1642 (2021), but the *Cooley* decision supports the proposition of concurrent jurisdiction between the state and a tribal government. There, the Court held that tribal police could validly detain a non-Indian while awaiting state and federal authorities. *Id.* at 1642. This citation does nothing for Plaintiff's proposition that the MRHA ceases to exist when a non-tribal entity enters onto tribal land.

## C. Plaintiff failed to exhaust administrative remedies prior to seeking review by the Court

Exhaustion is a mandatory procedural prerequisite for review by a Court. Plaintiff's failure to exhaust administrative remedies requires dismissal. Plaintiff has provided no response to any of the citations set forth by Defendants in the Brief, and so those citations will not be reiterated here.

Plaintiff's sole response is that exhaustion is not required to state a cognizable legal claim, and it cites only to the Fed. R. Civ. P. 12(b)(6) standard of review set forth in *Conservation Force v. Salazar*, 646 F.3d 1240 (9th Cir. 2011). (Doc. 30, at 13–14). Plaintiff's failure to respond should be deemed admission that the issue is well-taken, and the matter should be dismissed. D. Mont. L.R. 7.1(d)(1)(B)(ii).

## D. Plaintiff's Failure to Exhaust Its State Remedies Renders the *Amended Complaint* Unripe for Federal Review

Plaintiff asserts that the mere fact that MHRB did not dismiss Myers' complaint for lack of jurisdiction is sufficient to make this case ripe for federal review. Plaintiff fails to acknowledge that a challenge to state jurisdiction in Indian Country is a highly factual analysis and that the prudential ripeness doctrine specifically focuses on the need for factual development. The fact that MHRB was not prepared to dismiss the complaint on tribal sovereignty grounds after only an informal investigation does not mean that all the factual considerations relevant to

this case have been developed. The State of Montana (through the Department, OAH, and its state court system) must be given an opportunity to develop all the facts relevant to its ability to exercise jurisdiction over Plaintiff and to decide its own jurisdiction before the federal courts interfere.

**E.     The MHRA Charging Part is a Required Party to This Federal Court Action**

As set forth in the Brief, this argument need only be considered if the foregoing bases for dismissal are denied and the suit proceeds. Such dismissal would render additional joinder of parties moot.

Fed. R. Civ. P. 19(a) provides for joinder of an unnamed party, and consideration for when such joined is required. A party is required if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or imped the person's ability to proect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The Ninth Circuit has expounded upon and restated the considerations:

> Rule 19(a) provides a two-pronged inquiry for determining whether a party is "necessary." First, the court must determine whether complete relief can be afforded if the action is limited to the existing parties. Second, the court must determine whether the absent party has a

> "legally protectible interest" in the subject of the action and, if so, whether the party's absence will "impair or impede" the party's ability to protect that interest or will leave an existing party subject to multiple, inconsistent legal obligations with respect to that interest. If the answer to either of those questions is affirmative, then the party is necessary and "must be joined."

*White v. Univ. of Cal.*, 765 F.3d 1010, 1027 (9th Cir. 2014) (internal citations omitted). The "impaired or impeded" standard is met when claims "will be extinguished without the opportunity for them to be heard." *Id.* at 1027.

As set forth in this Brief, Myers meets all of these tests. First, Myers' MHRA claim would be extinguished should this Court determine the MHRB lacks jurisdiction where a party crosses tribal land.

Second, alternatively, parties could be subject to duplicative, potentially inconsistent, legal obligations. That is, Myers filed a complaint with MHRB. The matter is pending before the Department's Office of Administrative Hearings (OAH). Myers has a statutory right to pursue his complaint. Should this Court determine Plaintiff is correct and that MHRB lacks jurisdiction whenever a party happens across tribal land, Myers' pending complaint would be extinguished without his participation. Such outcome would presumably mandate dismissal of the pending hearing matter. Dismissal of the hearing would entitle Myers to an appeal to the Montana Human Rights Commission and then to district court. Mont. Code Ann. § 49-2-505. Myers, having not been party to this suit, would be entitled

to relitigate the decision rendered by this court, potentially convincing a different court to reach a different conclusion.

In its response, Plaintiff asserts Rule 19 does not require dismissal. This is undisputed—and indeed has been noted by the State in arguing this issue need only be considered if the suit is *not* dismissed. (Doc. 24, at 20).

Plaintiff goes on to contend that, because there is no jurisdiction on tribal land, Myers could have no protectible interest. The argument is circular and is an *ipse dixit*. Myers presently has an interest in his claim. Plaintiff disputes that interest. Plaintiff seeks to eliminate Myers' interest without letting Myers even present argument. Plaintiff presumes its own conclusion by stating Myers cannot have an interest because Plaintiff presently make an argument. Such is improper.

Should this matter proceed, Myers must be joined as a party.

## II.   CONCLUSION

The Amended Complaint should be dismissed. First, the MHRB is immune from suit and cannot be sued in federal court. Second, all elements *Younger* abstention are met. Third, Plaintiff has failed to exhaust administrative remedies. Fourth, this matter is not ripe for review.

Should the Court nonetheless allow this matter to proceed, Myers is a required party who must be joined.

DATED this 14th day of November, 2022.

                                                          By: */s/ Lindsey R. Simon*
                                                             LINDSEY R. SIMON
                                                             Montana Department of Labor and Industry
                                                             Attorney for Defendants

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this *Reply Brief in Support of Defendants' Motion to Dismiss Amended Complaint* is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced; and the word count, calculated by Microsoft Word for Windows is 2,988 words long, excluding caption, certificates of service and compliance, and if required, any tables of contents and authorities, and exhibit index.

                                                                  */s/ Lindsey R. Simon*
                                                                  LINDSEY R. SIMON

# CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED this 14th day of November, 2022.

By: */s/ Lindsey R. Simon*
LINDSEY R. SIMON
Montana Department of Labor and Industry
Attorney for Defendants